UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LUIS POYE,<br><br>        Plaintiff,<br><br>    v.<br><br>PUBLIC DEFENDER AREA PARKER, et al.,<br><br>        Defendants. | 1:08-cv-00497-OWW-SMS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. 2)<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS<br><br>DIRECTIONS TO THE CLERK<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

    Plaintiff is a state prisoner proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    I. Application to Proceed in Forma Pauperis

    Plaintiff has submitted a declaration that makes the showing

1

required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to Plaintiff's trust account.

## II. Directions to Department of Corrections

The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. <u>Id.</u> A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Id.</u>

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46 (1915); see <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive

3

suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### A. Plaintiff's Complaint

Plaintiff sues the Stanislaus County Superior Court, City Hall, Governor Arnold Schwarzenegger, the California Department of Corrections and Rehabilitation and its director or chief, the Board of Prison Terms and its director, unnamed wardens at D.V.I. State Prison and Vacaville C.M.F. State Prisons, Public Defender Areas Parker, Modesto Police Officer Watson, Judge John G. Whiteside, and Deputy District Attorney Peggy Richards. Plaintiff complains that he is illegally restrained and confined due to a criminal conviction. Plaintiff seeks to be released from confinement, to have representation, and to be given compensatory and punitive damages for the money and future business endeavors that he has lost.

Plaintiff alleges that Defendant Officer Watson lied in court, arrested him without evidence, and planted evidence.

Plaintiff alleges that Judge Whiteside allowed the judicial process to proceed to the jury level in a gross miscarriage of justice; Plaintiff appears to allege that the evidence was

4

insufficient and circumstantial.

Plaintiff alleges that Defendant Deputy District Attorney Richards committed misconduct by suppressing unspecified exculpatory evidence.

Plaintiff alleges that Defendant Parker, the public defender, rendered ineffective representation to Plaintiff.

### B. Habeas Corpus

It is not clear whether or not the state court criminal proceeding which resulted in Plaintiff's conviction and confinement is still pending; Plaintiff has not alleged whether the judgment is final or whether or not an appeal or collateral proceeding is pending.

To the extent that Plaintiff may be complaining of the legal effect of Defendants' actions on the legality of his detention in connection with the state court action, Plaintiff's claim would generally be more appropriately brought in a habeas corpus proceeding.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v.

5

Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement and obtain injunctive relief. See McCarthy v. Bronson, 500 U.S. 136, 141-42, 111 S.Ct. 1737, 1741-42 (1991); Preiser, 411 U.S. at 499, 93 S.Ct. at 1841; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Further, if the state court proceedings are still pending, if Plaintiff is seeking this Court to intervene in the state court criminal proceedings, Plaintiff is informed that generally the federal writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist such that there is an absence of state processes effective to protect a federal right. See Ex Parte Royall, 117 U.S. 241, 245-254 (1886); Fay v. Noia, 372 U.S. 391, 420 (1963), overruled in part by Wainwright v. Sykes, 433 U.S. 72 (1977) and Coleman v. Thompson, 501 U.S. 722 (1991). Further, it is established that federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised. See Mannes v. Gillespie, 967 F.2d 1310, 1311-1312 (9th Cir. 1992).

In summary, to the extent that Plaintiff seeks his release from detention based on invalidity of that detention in turn due to alleged defects in the proceedings leading to his criminal

6

conviction, Plaintiff must proceed by way of a petition for writ of habeas corpus.

### C. Civil Rights Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

### D. Involvement of Each Defendant

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, with respect to Defendants Schwarzenegger, City Hall, the unnamed wardens, and the state departments (C.D.C.R. and B.P.T.) and their directors, Plaintiff has failed to link any specific act or omission to any deprivation of any federally protected right. Because Plaintiff has failed to link the named defendants with some affirmative act or omission that resulted in a deprivation of rights, Plaintiff's complaint must be dismissed with respect to those Defendants.

### E. Invalidity of Conviction

Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff asserts that Defendants Watson, Whiteside, Parker, and Richards engaged in conduct that caused or contributed to an allegedly wrongful conviction.

To the extent that Plaintiff is seeking damages for a past conviction, Plaintiff has not shown that his conviction has been reversed or expunged.

Thus, Plaintiff has failed to state valid claims in this respect, and his complaint must be dismissed.

////

8

F. <u>State and State Agencies as Defendants</u>

To the extent that Plaintiff sues the Board of Prison Terms and the California Department of Corrections and Rehabilitation, Plaintiff appears to be suing either the state, against which a § 1983 suit would be legally frivolous because states are not persons within the meaning of § 1983, <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 69 (1997); <u>Jackson v. Arizona</u>, 885 F.2d 639, 641 (9th Cir. 1989); or a state agency, which likewise is not a person for purposes of § 1983, <u>Hale v. State of Ariz.</u>, 993 F.2d 1387, 1399 (9th Cir. 1993) (Arizona Department of Corrections); <u>Lucas v. Dept. of Corrections</u>, 66 F.3d 245, 248 (9th Cir. 1995); <u>Allison v. California Adult Auth.</u>, 419 F.2d 822, 823 (9th Cir. 1969).

Thus, Plaintiff's complaint is barred against these entities.

G. <u>Immunity of Superior Court</u>

Further, Plaintiff sues the Stanislaus County Superior Court. The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies. <u>Durning v. Citibank, N.A.</u>, 950 F.2d 1419, 1422-23 (9th Cir.1991). A suit against a California superior court is a suit against the state and is barred by the Eleventh Amendment. <u>Greater Los Angeles Council on Deafness, Inc. v. Zolin</u>, 812 F.2d 1103, 1110 (9th Cir. 1987). Accordingly, suit against the Superior Court is barred by the Eleventh Amendment.

Accordingly, Plaintiff has failed to state a claim against the Superior Court.

9

H. <u>Judicial Immunity</u>

Plaintiff alleges that Defendant Superior Court Judge John Whiteside improperly proceeded in his trial.

Judges and officers whose functions bear a close association to the judicial process are entitled to absolute judicial immunity from damage actions under 42 U.S.C. § 1983 for judicial acts taken within the jurisdiction of their courts. <u>Demoran v. Witt</u>, 781 F.2d 155, 156 (9th Cir. 1986). A judge loses judicial immunity for judicial acts only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. <u>Shucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th Cir. 1988). The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-357, 362 (1978).

The scope of a judge's jurisdiction is construed broadly in the course of analysis of judicial immunity. Judicial immunity is not lost by allegations that a judge conspired with a third party, acted in error, acted maliciously, or acted in excess of his authority. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir. 1986); <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978).

Here, the judicial conduct of which Plaintiff complains was clearly conduct comprising judicial acts within the judge's jurisdiction.

Thus, Plaintiff has not stated a claim against the judge.

### I. Prosecutorial Immunity

With respect to the prosecutor, who allegedly proceeded without evidence and suppressed evidence, state prosecutors are absolutely immune from civil liability for acts taken in their official capacity that are closely associated with the judicial process, such as initiating prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 427, 430-431 (1976); Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001).

Thus, Plaintiff has failed to state a claim against the prosecutor.

### J. Color of Law

Plaintiff complains of the allegedly ineffective or substandard representation of Defendant Parker.

In order to recover under § 1983, Plaintiff must allege and prove that Defendants acted under color of state law to deprive Plaintiff of a right secured by the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). It is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 317, 325 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

Thus, Plaintiff's has failed to state a claim against Defendant Parker.

### IV. Leave to File an Amended Complaint

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a

cognizable claim against the defendants and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

V. Disposition

Accordingly, it IS ORDERED that

1) Plaintiff's application to proceed in forma pauperis IS

GRANTED; and

    2) The Director of the California Department of Corrections or his designee SHALL COLLECT payments from Plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action; and

    3) The Clerk of the Court IS DIRECTED to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF); and

    4) The Clerk of the Court IS DIRECTED to serve a copy of this order on the Financial Department, United States District Court, Eastern District of California, Fresno Division; and

    5) Plaintiff's complaint IS DISMISSED with leave to amend; and

    6) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be

13

1 a failure to comply with an order of the Court pursuant to Local
2 Rule 11-110 and will result in dismissal of this action.
3
4 IT IS SO ORDERED.
5 **Dated:    April 18, 2008**                    /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE