1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LUIS POYE, | ) 1:08-cv-00497-OWW-SMS |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION |
| | ) FOR THE APPOINTMENT OF COUNSEL |
| | ) (DOC. 9) |
| v. | ) |
| | ) |
| PUBLIC DEFENDER AREA PARKER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff, a state prisoner, is proceeding pro se and in forma pauperis with a civil rights action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Pending before the Court is Plaintiff's motion for the appointment of counsel, filed on July 18, 2008. Plaintiff argues that his imprisonment will greatly limit his ability to litigate, he has limited knowledge of the law, and the issues in his case are complex.

The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford

1  counsel. 28 U.S.C. § 1915(d). Appointment of counsel by the Court

2  in such circumstances is discretionary, not mandatory. <u>United</u>

3  <u>States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th

4  Cir. 1995). Appointment may be made if a court finds that there

5  are exceptional circumstances after evaluating the likelihood of

6  success on the merits and the ability of the party to articulate

7  his claims pro se in light of the complexity of the legal issues

8  involved; the factors must be viewed together. <u>Terrell v. Brewer</u>,

9  935 F.2d 1015, 1017 (9th Cir. 1991) (citing <u>Wilborn v.</u>

10  <u>Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

11     Here, this Court cannot require an attorney to represent

12  plaintiff. <u>Mallard v. United States District Court for the</u>

13  <u>Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). Without a

14  reasonable method of securing and compensating counsel, this

15  court will seek volunteer counsel only in the most serious and

16  exceptional cases.

17     In light of the early stage of the proceedings and

18  Plaintiff's failure to state a claim, the Court cannot make a

19  determination that Plaintiff is likely to succeed on the merits.

20  <u>Terrell</u>, 935 F.2d at 1017. Further, despite Plaintiff's

21  assertions to the contrary, Plaintiff's claim is not particularly

22  complex.

23     In the present case, the court does not find the required

24  exceptional circumstances. Even if it is assumed that Plaintiff

25  is not well versed in the law and that he has made serious

26  allegations which, if proved, would entitle him to relief, his

27  case is not exceptional.

28  /////

Accordingly, Plaintiff's motion for the appointment of counsel IS DENIED.


IT IS SO ORDERED.

**Dated:   August 10, 2008**                    /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE