UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGEL LUIS POYE, | ) | 1:08-cv-00497-OWW-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS PLAINTIFF'S FIRST AMENDED |
| | ) | COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | ) | (DOC. 10) |
| | ) | |
| PUBLIC DEFENDER AREA PARKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

　　Pending before the Court is Plaintiff's first amended complaint (FAC), filed on July 18, 2008.

　　I. Screening the Complaint

　　The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion

1

thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

      A. Plaintiff's Complaint

Plaintiff sues Area Parker, a public defender who represented Plaintiff in a criminal case in the Stanislaus County Superior Court. The proceeding resulted in Plaintiff's conviction of misdemeanor assault on a police officer, possession of cocaine, battery on a police officer, resisting arrest, and

3

destruction of evidence. Plaintiff is now serving a six-year prison term for the offenses, and an appeal from the judgment of conviction is pending in the state appellate court. (Cmplt. pp. 3, 77-78, 71.)

In the ninety-page complaint, Plaintiff alleges that Defendant Parker's representation was ineffective and below constitutional standards because of failures relating to investigation, pretrial and trial motions, evidentiary issues, fiduciary duty, and the validity of Plaintiff's sentence. (Cmplt. pp. 8-10, 26, 12-15, 18-20, 27.) Plaintiff seeks compensatory and punitive damages and injunctive relief, including prohibiting Defendant Parker from accepting other appointments in criminal cases for several years. (Cmplt. p. 4.)

### B. Civil Rights Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

//////

C. <u>Invalidity of Conviction</u>

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck v. Humphrey</u>, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." <u>Id</u>. at 488.

Plaintiff asserts that Defendant Parker engaged in conduct that caused or contributed to an allegedly wrongful conviction.

To the extent that Plaintiff is seeking damages for a past conviction, Plaintiff has not shown that his conviction has been reversed or expunged.

Thus, Plaintiff has failed to state a valid claim in this respect, and his complaint must be dismissed. Plaintiff was warned of this defect in the Court's order dismissing the original complaint, but Plaintiff has not alleged in the FAC any facts warranting a conclusion that the conviction has been invalidated; indeed, the documents attached to Plaintiff's complaint reveal that an appeal of the conviction is presently pending before the state appellate court.

Thus, it does not appear that Plaintiff could allege facts that would state a claim in this respect. Therefore, it will be recommended that the dismissal of Plaintiff's complaint be without leave to amend.

5

D. Color of Law

Plaintiff complains of the allegedly ineffective or substandard representation of Defendant Parker.

In order to recover under § 1983, Plaintiff must allege and prove that Defendants acted under color of state law to deprive Plaintiff of a right secured by the Constitution or federal statute. Karim-Panahi v.Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). It is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 317, 325 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

Here, all the allegations concerning Parker relate to Parker's performance of a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.

Thus, Plaintiff has failed to state a claim against Defendant Parker.

Further, Plaintiff was warned of this defect in the Court's order dismissing the original complaint, but Plaintiff has not alleged any facts in the FAC that warrant a conclusion that he could allege facts to overcome this defect in the claim.

Accordingly, it will be recommended that Plaintiff's claim be dismissed without leave to amend.

II. Recommendation

Title 28 U.S.C. § 1915A(b) provides that on review of a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court shall identify cognizable claims

6

or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Likewise, 28 U.S.C. § 1915(e)(2) provides that notwithstanding any filing fee, or any portion thereof that may have been paid, the Court shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In this action, the Court has determined that the FAC fails to state a claim. Plaintiff has had an opportunity to file an amended complaint to cure the deficiencies noted above, but the defects in the allegations remain in the FAC. It appears that Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). It appears that an opportunity to amend would be futile. See, Lopez v. Smith, 203 F.3d at 1128. Therefore, the Court concludes that dismissal without leave to amend is appropriate.

Accordingly, the Court HEREBY RECOMMENDS that this action BE DISMISSED without leave to amend for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the

7

United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:   August 11, 2008**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE