UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGEL LUIS POYE, | ) | 1:08-cv-00497-OWW-SMS |
| | ) | |
| Plaintiff, | ) | ORDER RE: FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| | ) | PLAINTIFF'S FIRST AMENDED |
| v. | ) | COMPLAINT WITHOUT LEAVE TO AMEND |
| | ) | FOR FAILURE TO STATE A CLAIM |
| PUBLIC DEFENDER AREA PARKER, | ) | (DOCS. 13, 10) |
| et al., | ) | |
| | ) | ORDER DISMISSING THE ACTION WITH |
| Defendants. | ) | DIRECTIONS TO THE CLERK TO CLOSE |
| | ) | THE ACTION |

Plaintiff is a state prisoner who is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On August 13, 2008, the Magistrate Judge filed findings and a recommendation that the first amended complaint be dismissed with prejudice for Plaintiff's failure to state a claim. The findings and recommendation were served on all parties on August

1

13, 2008, and contained notice that any objections to the findings and recommendations were to be filed within thirty (30) days of the date of service of the order. The thirty-day period has run, but no party has filed any objections.

However, on September 3, 2008, Plaintiff filed a notice of appeal purporting to take an appeal from a "final judgment" of this Court entered on August 22, 2008. There was no order or judgment of that date, but that was the date on which Plaintiff verified and signed the notice of appeal. (Doc. 14, p. 1.) Accordingly, the notice of appeal is reasonably understood to refer to the only potentially dispositive order rendered in the case, namely, the Magistrate Judge's findings and recommendation to dismiss Plaintiff's complaint without leave to amend because of the failure to state a claim upon which relief may be granted.

The general rule is that once an appeal has been taken by way of timely filing of a notice of appeal, a district court is divested of jurisdiction to take any action except in aid of the appeal. Ruby v. Secretary of U.S. Navy, 365 F.2d 385, 388 (9th Cir. 1966) (considering a premature and thus defective notice of appeal to have been taken to a subsequently entered final decision). However, when a notice of appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply. Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007).

The principle underlying this application is that, as has been reiterated, the improper taking of an appeal cannot

effectively destroy the authority of the court below to proceed upon motions properly before it. Ruby v. Secretary of the Navy, 365 F.2d at 388. Further, because jurisdiction is not transferred to the appellate court, jurisdiction remains in the district court; jurisdiction "cannot float in the air." Ruby v. Secretary of U.S. Navy at 388-89.

Where a party to an action in the district court files a notice of appeal from a Magistrate Judge's findings and recommendations before the District Judge adopts them and enters judgment, the notice is premature under Fed. R. App. P. 4, and the appeal must be dismissed. Serine v. Peterson, 989 F.2d 371, 372-73 (9th Cir. 1993) (notice of appeal filed after the filing of a Magistrate Judge's findings and recommendations to dismiss the district court action, but before the District Judge adopted the Magistrate Judge's findings and recommendations and entered judgment, was held to be premature because the Magistrate Judge's order could not form the basis of a final judgment without subsequent intervention by the district court).

The district court may disregard a clearly deficient purported notice of appeal; alternatively, if in doubt as to the operation of the apparently defective notice of appeal, a district court may decline to act further until a dismissal of the appeal is entered or obtained in the appellate court. Ruby v. Secretary of U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966).

Here, it is clear that the purported notice of appeal was defective. Accordingly, the Court will proceed to consider the findings and recommendation of the Magistrate Judge filed on August 13, 2008.

1 | In accordance with the provisions of 28 U.S.C. § 636
2 | (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d
3 | 452, 454 (9th Cir. 1983), this Court has conducted a *de novo*
4 | review of the case. Having carefully reviewed the entire file,
5 | the Court finds that the findings and recommendation are
6 | supported by the record and proper analysis.
7 |     Accordingly, IT IS HEREBY ORDERED that:
8 |     1. The findings and recommendation filed August 13, 2008,
9 | are ADOPTED IN FULL; and
10 |     2. The action IS DISMISSED with prejudice for failure to
11 | state a claim upon which relief may be granted; and
12 |     3. The Clerk of Court IS DIRECTED to close this action
13 | because this order terminates the action in its entirety.
14 | IT IS SO ORDERED.
15 | **Dated:    October 6, 2008**          /s/ Oliver W. Wanger
                                                          UNITED STATES DISTRICT JUDGE